IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL QUIRK            *
                         *
    v.                   *    Civil No. JFM-05-810
                         *
HOME DEPOT U.S.A.        *
                         ****

MEMORANDUM

Plaintiff Michael Quirk ("Quirk") suffered a shoulder injury in September 2003 when he fell off a ladder he was using as scaffolding to support him while he installed exterior siding to his home. Quirk had purchased the ladder from an Annapolis retail outlet of defendant Home Depot U.S.A. ("Home Depot"). He claims that the accident was the result of a defective hinge on the ladder, of which Home Depot was aware at the time of his purchase.

Quirk initially sued Home Depot in the Circuit Court for Anne Arundel County, Maryland. Home Depot removed the action to this court. Discovery has been completed, and now pending before me is a motion for summary judgment filed by Home Depot. The motion will be granted on the ground that Home Depot is immunized from suit under the "sealed container defense," MD. CODE ANN. CTS. & JUD. PROC. § 5-405(b).[1]

The sealed container defense provides that a retailer is immune from a product liability suit if it can establish that:

    (1) The product was acquired and then sold or leased by the seller in a sealed container or in an unaltered form;
    (2) The seller had no knowledge of the defect;

---

[1] Home Depot also contends that it is entitled to summary judgment because (1) Quirk cannot prove that the ladder was or was likely to be dangerous for the use for which it was supplied, (2) Quirk cannot show that Home Depot was aware of any dangerous condition, and (3) Quirk was guilty of contributory negligence. I need not decide those questions.

> (3) The seller in the performance of the duties he performed or while the product was in his possession could not have discovered the defect while exercising reasonable care;
> (4) The seller did not manufacture, produce, design, or designate the specifications for the product which conduct was the proximate and substantial cause of the claimant's injury; and
> (5) The seller did not alter, modify, assemble, or mishandle the product while in the seller's possession in a manner which was the proximate and substantial cause of the claimant's injury.

*Id*. The defense is unavailable when the retailer has made an express warranty, the breach of which was a proximate cause of the plaintiff's injury, or when a plaintiff is unable to recover against the manufacturer because of circumstances beyond the plaintiff's control *e.g.*, the manufacturer is insolvent. *Id*. § 5-405(c). Summary judgment in favor of a retailer is appropriate if it can establish by unrebutted facts that it satisfies the five elements from section 5-405(b). *Id*. § 5-405(d)(1). Here, Quirk only contests Home Depot's satisfaction of the first three elements of the defense.

As to the first element, Quirk argues that the ladder was so large that it did not come in a sealed container. The defense, however, is not limited to products enclosed entirely in a box at the time of sale. Instead, it covers any product that comes in a "box, container, package, wrapping, encasement, or housing of any nature that covers [it] so that it would be unreasonable to expect a seller to detect or discover the existence of a dangerous or defective condition in the product." *Id*. § 5-405(a)(4). In addition, the defense applies to unpackaged products that the retailer sold "in an unaltered form." *Id*. § 5-405(b)(1). At the time he purchased it, Quirk's ladder fit both of these definitions. It was encircled by clear plastic wrapping under which the manufacturer had placed labeling, and Home Depot had taken no steps to alter the ladder or its packaging once it was received from Werner. (Affidavit of Tricia Fraser, Exhibit 9 to Defendant's Reply Brief; Affidavit of Thomas Lough, Exhibit 10 to Defendant's Reply Brief.)

With regard to the second and third elements, Quirk argues that Home Depot was aware or should have been aware of the defect prior to his accident because the retailer inspected, tested, and

demonstrated the type of ladder he purchased.[2] This argument is unpersuasive. There is nothing in the record to suggest that Home Depot inspected, tested, or demonstrated the individual ladder Quirk purchased, or even other ladders of the same make and model. Nor is there any evidence that suggests Home Depot's employees typically conducted inspections or tests of the other ladders it sells, such that the defect should have been discovered through the exercise of reasonable care. (*See* Affidavit of Tricia Fraser, Exhibit 9 to Defendant's Reply Brief.)

In sum, Home Depot cannot be held responsible under Maryland law for a product defect it had no hand in creating and of which it had no knowledge or reason to suspect. Quirk's quarrel is therefore with Werner, not Home Depot. *See Liesener v. Weslo, Inc.*, 775 F. Supp. 857, 859 (D. Md. 1991) (stating that the "clear purpose of section 5-311 [now section 5-405] is to make the chickens of a poor design come home to roost with the manufacturer, not the retailer"). Quirk appears to recognize this fact because in his opposition to Home Depot's summary judgment motion he states that he will amend his complaint to include Werner as a defendant. In order to amend the complaint, however, Quirk would have to obtain leave of court. *See* FED. R. CIV. PRO. 15(a). I will not grant such leave because Quirk has known the identity of Werner since the date on which he purchased the ladder, and the deadline for joining additional parties was May 12, 2005.

A separate order effecting the rulings made in this memorandum is being entered herewith.

---

[2] Quirk also contends that Home Depot can be held liable because it became aware of the defect subsequent to his accident when he turned in the damaged ladder to Home Depot in exchange for a replacement. This contention is far off the mark. Home Depot's knowledge of the defect arising after the accident is irrelevant to Quirk's suit, which is premised on the retailer's failure to prevent the sale of the ladder in the first place. *Cf.* FED. R. EVID. 407 ("When, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction.").

Date: <u>December 15, 2005</u>         <u>/s/                              </u>
                                    J. Frederick Motz
                                    United States District Judge